IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LARRIANTE SUMBRY                                                    PETITIONER

v.                      NO. 4:06CV00361 JMM-JFF

INDIANA STATE PRISON                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petitioner's petition for writ of *error coram nobis*. For the reasons that follow, the Magistrate Judge finds that the petition should be construed as a habeas corpus petition pursuant to 28 U.S.C. § 2254 and recommends that the petition be summarily dismissed without prejudice.

Petitioner is incarcerated in an Indiana State Prison pursuant to Indiana convictions for escape and dealing in a controlled substance. On March 13, 2006, he filed his petition for writ of *error coram nobis*, asserting that he was arrested in 1998 by "Gary Police" without a legal warrant, that the judgment is void, and that the Indiana

Department of Correction is holding him unlawfully beyond his release date of November 5, 2005. It is important to note that Petitioner, who already has received habeas corpus review of his current Indiana convictions, repeatedly has been fined and restricted from filing habeas petitions and other civil actions in the federal courts in the Seventh Circuit (of which the federal district courts in Indiana are a part) for repeatedly abusing the judicial process. Sumbry v. Indiana State Prison, 2006 U.S. Dist. LEXIS 9323 at 1-2 (N.D. Ind. Feb. 15, 2006); Montgomery and Sumbry v. Davis, 362 F.3d 956, 957-58 (7th Cir. 2004). Petitioner continues to abuse the judicial process by filing habeas petitions attacking his Indiana convictions in district courts outside the Seventh Circuit. Sumbry v. Davis, 2005 U.S. App. LEXIS 10052 at 2 (10th Cir. June 2, 2005). He apparently has filed approximately 36 lawsuits in at least 24 states and the District of Columbia over the last two years. Sumbry v. Indiana State Prison, 2006 U.S. Dist. LEXIS 9323 at 2.

In this petition, which Petitioner has styled as a petition for writ of *error coram nobis*, he is attacking his Indiana state convictions and the execution of his Indiana sentences. The writ of *coram nobis* is an extraordinary remedy by which an individual no longer in custody can attack a federal conviction or sentence. Kandiel v. United States, 964 F.2d 794, 796-97 (8th Cir. 1992); Obado v. State of New Jersey, 328 F.3d 716, 718 (3$^{d}$ Cir. 2003). *Coram nobis* is not available in federal court to attack a state court conviction. Obado, 328 F.3d at 718; Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir.), cert. denied, 506 U.S. 834 (1992); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982); Theriault v. State of Mississippi, 390 F.2d 657 (5th Cir. 1968); Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964). C*oram nobis* is not available to Petitioner

to challenge his Indiana convictions or the execution of his Indiana sentences. The appropriate remedy for Petitioner's challenge to his Indiana convictions and execution of his Indiana sentences is a habeas corpus petition pursuant to § 2254. Singleton v. Norris, 319 F.3d 1018, 1022-23 (8th Cir.), cert. denied, 540 U.S. 832 (2003). Under the circumstances, the Magistrate Judge finds that Petitioner's petition for writ of *error coram nobis* should be construed as a petition for writ of habeas corpus pursuant to § 2254.

"Section 2254 confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000). Title 28 U.S.C. § 2241 specifies the court in which the § 2254 petition must be filed. Carmona v. Andrews, 357 F.3d 535, 537 (5th Cir. 2004). Under § 2241(a), "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "[A] district court acts 'within [its] respective jurisdiction' within the meaning of § 2241 as long as 'the custodian can be reached by service of process.'" Rasule v. Bush, 542 U.S. 466, 478-79 (2004) (quoting Braden v. 30th Judicial Circuit of Ky., 410 U.S. 484, 494-95 (1973)). The language of § 2241(a) requires "nothing more than that the court issuing the writ have jurisdiction over [the petitioner's] custodian." Rumsfeld, 542 U.S. at 442 (citing Braden, 410 U.S. at 495). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." Rumsfeld, 542 U.S. at 445 (citing Schlanger v. Seamans, 401 U.S. 487 (1971)); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977). "*Braden* in no way authorizes a district court to employ long-arm statutes to gain jurisdiction over custodians who are outside

of their territorial jurisdiction." Rumsfeld, 542 U.S. at 445. Where a prisoner challenges present physical confinement, the prisoner's custodian is normally only "'the person' with the ability to produce the prisoner's body before the habeas court," i.e, the warden of the facility where he is being held. Rumsfeld, 542 U.S. at 434-35. Where a prisoner challenges a form of "custody"' other than present physical confinement, his custodian may be "the entity or person who exercises legal control with respect to the challenged 'custody.'" Id. at 437-38.

Petitioner's custodian is the warden of the prison in Indiana where Petitioner is incarcerated. Petitioner's custodian is not within reach of this Court's process and is not within the territorial jurisdiction of this Court. Accordingly, the Magistrate Judge finds that this Court lacks jurisdiction to adjudicate Petitioner's § 2254 petition and recommends that the petition be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Magistrate Judge also recommends that Petitioner's motion for leave to proceed *in forma pauperis* (DE # 1) be denied.

The Magistrate Judge further finds that jurisdiction is lacking for an additional reason. Before filing a second or successive application in district court pursuant to § 2254, a habeas petitioner is required to move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over a successive habeas petition" until the court of appeals has granted the Petitioner permission to file one. Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir.), cert. denied, 540 U.S. 910 (2003); Williams v. Hopkins, 130 F.3d 333, 336 (8th

Cir.), <u>cert. denied</u>, 522 U.S. 992 (1997). Petitioner's § 2254 petition is a successive habeas petition, and no court of appeals has granted Petitioner permission to file a successive petition. Thus, this Court does not have jurisdiction over the petition.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be summarily dismissed without prejudice and that Petitioner's motion for leave to proceed *in forma pauperis* be denied.

Dated this 18th day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE